## HARFORD v DEGENHART

Ohio Appeals, 2nd Dist, Clark Co

No 362. Decided May 25, 1936

George S. Dial, Springfield, for plaintiff.
A. C. Link, Springfield, for defendant.

## OPINION

By THE COURT

Submitted on application for rehearing, which has been supported by written argument by counsel for both parties.

Although there has been elaboration of the claims urged in the original trial, there is but one new proposition advanced on the application, namely, that the zoning ordinance of the City of Springfield, Ohio, as interpreted by this court, is in violation of Article XIV, §1, of the Constitution of the United States. Suffice to say that all questions touching the constitutionality of zoning ordinances has been determined in the case of Euclid v Ambler Realty Co., 272 U. S. 398, 47 Supreme Court Reporter, 114, and in our judgment the interpretation which we placed upon this zoning ordinance is not incompatible with the proper scope of such ordinances, as defined by the above mentioned case.

On all other questions urged we are satisfied that further discussion would accomplish no good purpose. We undertook, at unusual length, to present our views on the law, as required under the facts drawn from a consideration of practically all of the cases on the subject, both in Ohio and in other jurisdictions throughout the United States.

There is but one phase of the case which we did not discuss at length, namely, the effect of the expenditures in the way of improvements on the property purchased by Mr. Degenhart, incident to setting up his funeral establishment. This is not a case where residents in the vicinity of a funeral parlor have stood by and permitted an owner to make extended improvements and spend large sums of money in building, alteration thereof or the placing of equipment and thereafter attempted to enjoin the operation of the business. In such a situation the doctrine of estoppel has been invoked many times against the granting of an injunction. In the instant case the defendant was promptly put upon notice that objection was then made and would continue to be urged against the conduct of an undertaking establishment in the vicinity in which plaintiff resided. Expenditures thereafter made were done

at the risk of the defendant, and as against the plaintiff who is vigilant the doctrine of estoppel has no application.

We recognize the doctrine of estoppel as a proper and salutary principle to apply in behalf of funeral directors who have located in residential sections, expended their money, made extended improvements and built up a patronage, as against residents in the community who have stood by and permitted this to be done without objection.

The application for rehearing will be denied.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.